**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 2, 2022**

# In the Court of Appeals of Georgia

A22A0075. GRIFFIN v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Krystal Griffin was convicted of aggravated assault. The trial court denied Griffin's motion for new trial, and she filed this appeal. Griffin argues that the state failed to disprove her claim of self-defense beyond a reasonable doubt, but her claim of self-defense was a matter for the jury to decide. Griffin argues that the trial court erred by failing to give a curative instruction when a witness gave hearsay testimony, but any error was harmless. Finally, Griffin argues that trial counsel was ineffective because she failed to request a jury instruction on the lesser-included offense of reckless conduct, but that choice was strategic. So we affirm.

1. *Facts*.

"Because this case turns[, at least in part, ]on an assessment of whether an [alleged] error was harmless, we lay out the evidence in . . . detail and not only in the light most favorable to the jury's verdicts." *Ensslin v. State*, 308 Ga. 462, 462 n.2 (841 SE2d 676) (2020). The evidence presented at trial showed that the victim went to the motel room of Griffin's husband. The husband left, and the victim thought she was alone in the motel room. While the victim was using the bathroom, Griffin jumped from behind a door and started stabbing the victim with a steak knife, asking what she was doing in Griffin's husband's room. The victim ran out of the room into the parking lot and Griffin followed. While still holding the knife, Griffin repeatedly charged at the victim.

The victim called 911 and used her cellular phone to take photographs of Griffin, one of which showed blood on Griffin's shirt. The victim explained that blood was hers; she never attacked Griffin but tried to defend herself by swinging at Griffin. Every time the victim swung at Griffin, Griffin would stab her. The victim also chased Griffin to capture her image on her cellular phone because she did not want Griffin to get away. At trial, the victim identified Griffin as the person who stabbed her.

Griffin testified in her own defense. She testified that she entered the motel room where she and her husband lived and saw the victim and her husband engaged in a sexual act. Griffin testified that she and her husband began fighting, the husband fled the room, and the victim began attacking Griffin with a knife, stabbing her in the arm. Griffin testified that they were "tussling . . . with the knife and [the victim] ended up getting cut also."

2. *Claim of self-defense.*

Griffin argues that the evidence does not support her conviction because the state failed to disprove her claim of self-defense beyond a reasonable doubt. Whether or not the state disproved the claim of self-defense was a matter for the jury to decide.

> Although [Griffin] testified that [s]he acted in self-defense, [her] arguments on appeal essentially ask this [c]ourt to reweigh the evidence presented at trial. However, these were matters within the province of the jury to consider and decide, and the jury, as the sole arbiter of witness credibility, was free to disbelieve [Griffin] and [her] theory of self-defense. The evidence presented at trial was sufficient to support [Griffin's] conviction[ ].

*Davenport v. State*, 311 Ga. 667, 669-670 (1) (b) (859 SE2d 52) (2021) (citation and punctuation omitted).

3. *Failure to give curative instruction after sustaining objection to hearsay.*

3

Griffin argues that the trial court erred by failing to give a curative instruction after it sustained her objection to certain hearsay testimony. Any error in failing to give a curative instruction did not harm Griffin and so does not amount to reversible error.

When the prosecutor asked the investigator of the crime about the victim's injuries, the investigator responded that a doctor (who was not identified) had stated that the victim's wounds "can be consistent with defensive wounds." The prosecutor then asked, "[W]hat does 'defensive wounds' mean?" The investigator replied, "If you're being attacked, you're going to put your hands up to try to block your attacker and that's the part of your body that's going to be exposed to your attacker."

As soon as the investigator completed his answer, the following colloquy occurred:

> **DEFENSE COUNSEL**: Your Honor, that's just rank hearsay, I just have to object. You know this is all—where is the doctor you know?
> **THE COURT**: Sustain the objection.
> **PROSECUTOR**: Judge, I would argue that someone that's been investigating violent crimes would know what a defensive wound is.
> **THE COURT**: He might testify as to what the definition of a defensive wound but—
> **PROSECUTOR**: I guess I'm just confused.
> **THE COURT**: A defensive wound but what I'm concerned about is just what the doctor said, the doctor said.
> **PROSECUTOR**: Oh, okay.

**THE COURT**: What's been admitted prior to the objections have been removed.

**PROSECUTOR**: Okay, so just in terms of what the doctor said?

**THE COURT**: Yes.

**DEFENSE COUNSEL**: Your Honor, would the [c]ourt instruct the jury to disregard what the doctor has said, what the last part of his testimony was please? Just give a curative instruction[ ] to the jury?

**THE COURT**: Well, you disregard any testimony after the objection was made.

**PROSECUTOR**: But not excluding the comments about the defensive wounds; is that correct?

**DEFENSE COUNSEL**: The whole thing, Your Honor.

**THE COURT**: Not excluding—that was made before the objection?

**PROSECUTOR**: Correct.

**THE COURT**: Then it would not include that.

**PROSECUTOR**: Would not include it in terms of don't strike that?

**THE COURT**: Yeah, don't strike that.

**PROSECUTOR**: Okay, thank you, Judge.

The prosecutor then resumed his examination of the investigator.

Griffin argues that the lack of clarity in the exchange prejudiced Griffin as defense counsel's request for a curative instruction was either forgotten, denied, or ignored. We hold that even if the failure to give a curative instruction as requested by defense counsel was error, it was harmless.

It is fundamental that harm as well as error must be shown for reversal. The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. In determining whether trial court error was harmless, we review the record

5

de novo, and we weigh the evidence as we would expect reasonable jurors to have done so as opposed to viewing it all in the light most favorable to the jury's verdict.

*Henderson v. State*, 310 Ga. 708, 713 (3) (854 SE2d 523) (2021) (citations and punctuation omitted).

Given the other unobjected-to testimony about defensive wounds, it is highly probable that any error in failing to give a curative instruction did not contribute to the verdict. As noted, the investigator explained—without Griffin objecting—what the term "defensive wound" means. And the victim testified that she never attacked Griffin but tried to defend herself by swinging at her, and that every time she swung at Griffin, Griffin would stab her.

On cross-examination, Griffin testified that she did not stab the victim. She explained that the victim attacked her, "and in the midst of a tussle, [they] both got cut." The prosecutor then asked, "So how do you explain the fact that all of her wounds were defensive?" Defense counsel did not object. Griffin responded that her own wounds were also defensive, which was consistent with Griffin's testimony that the victim was the aggressor and was only cut when they were fighting over the knife. Given this evidence, "it is highly probable that [any trial court] error [in failing to

6

give a curative instruction regarding the investigator's brief reference to hearsay] did not contribute to the verdict[]." *Henderson*, 310 Ga. at 714 (3).

4. *Counsel was not ineffective*.

Griffin argues that trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of reckless conduct. That decision was strategic and so does not amount to ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. . . . For [Griffin] to satisfy the first requirement of *Strickland*, [s]he has to overcome the strong presumption that [her] trial counsel's performance was within the wide range of reasonable professional conduct, and that counsel's decisions were the result of reasonable professional judgment. The reasonableness of counsel's conduct must be evaluated from counsel's perspective at the time of trial and under the particular circumstances of the case, and decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course.

*Blackwell v. State*, 302 Ga. 820, 824 (3) (809 SE2d 727) (2018) (citations and punctuation omitted).

Trial counsel testified at the motion for new trial hearing that she did not request a jury instruction on the lesser-included offense because it did not fit into Griffin's justification defense. "An attorney's decision about which defense to present is a question of trial strategy. More specifically, pursuit of an 'all or nothing' defense generally is a permissible trial strategy." *Blackwell*, 302 Ga. at 824-825 (3) (citations and punctuation omitted). "In light of trial counsel's testimony regarding the reason[ ] underlying [her] decision not to request to charge on reckless conduct, [Griffin] cannot carry [her] burden [of showing that trial counsel's decision was patently unreasonable]." *Clark v. State*, 348 Ga. App. 235, 246 (2) (f) (820 SE2d 274) (2018).

*Judgment affirmed. Gobeil and Pinson, JJ., concur*.